IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.  : | Case No. 1:23-cr-00122 (APM) |
| : | |
| : | |
| **STEVEN PRICE and** : | |
| **KEIDI MOORE,** : | |
| : | |
| **Defendants** : | |
| : | |

**DEFENDANT DR. STEVEN PRICE'S
MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY FROM
SMILE CENTER WITNESSES**

Defendant Dr. Steven Price, by and through his undersigned counsel, respectfully submits this motion *in limine* to preclude the government from introducing improper and unnoticed expert opinion testimony from other Smile Center dentists or employees.

On January 8, the government disclosed that it intends to call associate dentists and staff from the Smile Center to testify. These fact witnesses should be precluded from providing expert testimony or opinion. *See* Fed. R. Evid. 701(c) (precluding lay witnesses from proffering opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

As part of the government's investigation and grand jury presentation, it elicited testimony from Drs. Patricia Angole, Shannon Thompson, and Yetta McCullom. Drs. Angole, Thompson, and McCullom testified to their relationship with Dr. Price in connection with patient treatment and technical descriptions of both the clinical crown lengthening and space maintainer procedures at issue in this case. In front of the grand jury and during its investigation, the government repeatedly asked questions that required the witnesses to apply professional judgment, standards

1

of care, and billing rules, which is precisely the type of testimony governed by Federal Rule of Evidence 702 and forbidden of unnoticed expert witnesses under Rule 701.

The government has disclosed that it intends to call Drs. Martyn Green and Antonio Lacy as *expert* witnesses to testify to, among other subjects, whether the Smile Center's patient records supported claims for reimbursement; the appropriate standard of care for the CCL, SM, gingivectomy and gingival flap procedures; and the Smile Center's imaging records, including but not limited to intraoral photographs and x-rays. ECF Nos. 88 at 1–2 and 90 at 7–12. None of the experts the government identified under Rule 26(a)(2)(A) worked at the Smile Center. Therefore, only these disclosed experts, not fact witnesses, should be permitted to offer expert testimony concerning the technical aspects of the procedures at issues in this case, whether the claims for those procedures were supported by the patient record, including imaging, and whether Dr. Price applied the appropriate standard of care to his patients. Drs. Angole, Thompson, and McCullom, and other employees of the Smile Center that are being examined as fact witnesses, should be limited to testimony based on their personal observations and experiences and should be precluded from offering expert opinion testimony, even if they are otherwise qualified as a dental practitioner, dental assistant or hygienist.

If an opinion rests "in any way" upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701. *United States v. Garcia*, 413 F. 3d 201, 215 (2d Cir. 2005); *see* Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments ("The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702.").

The Federal Rules of Criminal Procedure include specific disclosure requirements that are "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Comm. Note to 1993 Am. These requirements are "sensible because without the appropriate detail, a Court cannot possibly assess admissibility, an opposing party cannot prepare a response or for proper cross-examination, and a trial devolves into jungle warfare by ambush." *United States v. Ulbricht*, No. 14-CR-68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015), aff'd, 858 F.3d 71 (2d Cir. 2017). Indeed, "[t]he various rules and the case law interpreting them are designed to avoid that outcome." *Id.*

The government's own grand jury questioning confirms that it elicited, and indicates that it intends to elicit, expert opinions from Smile Center dentists regarding standard of care and billing permissibility. For example, during Dr. Shannon Thompson's grand jury testimony, the government asked: "So if somebody has periodontitis or excessive periodontitis, you wouldn't want to do a clinical crown lengthening on that?" (Tr. 29:20-23); "Are you aware as to whether or not clinical crown lengthening can be billed to Medicaid for cosmetic reasons?" (Tr. 30:6-8); and "How many teeth at a time would you perform clinical crown lengthening on a patient?" (Tr. 30:16-18). And in a recent interview, the government elicited from Dr. Thompson her opinions on performing a CCL, the use of laser dentistry, and whether restorative dentistry must accompany a CCL. These questions do not ask Drs. Thompson or McCullom to recount what they personally observed or performed. Instead, the government asked them to opine on contraindications, billing rules, and treatment standards. These are quintessential expert opinions that require disclosure, qualification, and reliability analysis under Rule 702. Allowing the government to introduce the

3

same opinions at trial through Smile Center dentists or other employees would permit an improper end-run around Rule 16 because the opinions would be rendered based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Such testimony is not fact or lay testimony grounded in personal observations or experiences; it is clearly expert testimony rooted in specialized dental knowledge and professional judgment.

Accordingly, the testimony of Drs. Angole, Thompson, and McCullom should be limited to percipient factual testimony, as persons knowledgeable about the facts specific to what they experienced at the time of their employment. *See e.g.*, *Milling v. Omni Shoreham Corp.*, No. 19-CV-3727, 2021 WL 11674475, at *6 (D.D.C. Aug. 26, 2021) (accepting portions of fact witness's testimony but excluding opinion testimony that was "*not* based on her personal perception"); *Sutton v. Mass. Mut. Life Ins. Co.*, No. 18-CV-1273 (VSB), 2020 WL 576593, at *3 (S.D.N.Y. Sep. 27, 2020) (accepting portions of witness's declaration as testimony of a fact witness, not as an expert witness, and ignoring the portions that might constitute expert opinion); *see also* Fed. R. Evid. 701. Should any other dentist or staff member employed by the Smile Center testify to the aforementioned topics, such testimony should be precluded as well.

## CONCLUSION

For the reasons set forth above, Dr. Price respectfully requests that the Court grant his motion *in limine* to preclude the government from introducing expert opinion testimony from Smile Center dentists or employees who were not disclosed as expert witnesses under Rule 16.

Dated: January 13, 2026	Respectfully submitted,

                                                    MORGAN, LEWIS & BOCKIUS LLP

                                                    */s/ Justin D. Weitz*
                                                    Justin D. Weitz, Bar No. 90008910
                                                    Daniel C. Fishbein, Bar No. 7672528
                                                    1111 Pennsylvania Ave., NW
                                                    Washington, D.C. 20004
                                                    (202) 739-5932
                                                    justin.weitz@morganlewis.com

                                                    *Attorneys for Defendant Dr. Steven Price*

## CERTIFICATE OF SERVICE

I certify that on January 13, 2026, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

<i>/s/ Justin D. Weitz</i><br>
Justin D. Weitz