IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:23-cr-00122 (APM) |
| : | |
| : | |
| **STEVEN PRICE and** : | |
| **KEIDI MOORE,** : | |
| : | |
| **Defendants** : | |
| : | |

### DEFENDANTS' JOINT MOTION FOR MISTRIAL

The government has crossed a line. On Friday, January 30, the government called A.H., who was clearly incompetent to testify. A.H.'s testimony was of no probative value, addressed no issue in dispute, and was cumulative in light of the next witness, who serves as A.H.'s caretaker. As A.H. entered the courtroom, the AUSA grasped his hand and placed her arm around his shoulder, slowly and reassuringly guiding him to and from the witness stand, in full view of the jury. And as he left the witness stand, she engaged him in soothing conversation, as the jury watched intently. This public spectacle was shameful and exploitative of A.H., and served a singular purpose: to arouse the jury's prejudice against the defendants and imply, even obliquely, that the defendants victimized the truly vulnerable.

The decision to call A.H. is consistent with the government's *modus operandi* before and during the trial. The government has been plain about its desire to elicit unfairly prejudicial testimony about the quality of Dr. Price's care and the supposed victimization of patients, and has looked for any opportunity to "open the door" about pain caused by Dr. Price's treatments. But this is, of course, irrelevant. The defendants are not accused of abusing vulnerable patients or providing poor dental care; they are accused of defrauding Medicaid.

Despite the Court's prior orders, though, the government has bolstered its limited evidence of fraudulent intent with prejudicial testimony regarding patient pain and lack of patient consent. This testimony bears little to no weight on the charged conduct in this case. As has been recognized by the parties and the Court *ad nauseum*, "we're not in a medical malpractice case." Oct. 20, 2025 Hearing Tr. at 12:18–19. The pain patients may have felt after visiting the Smile Center or the sympathetic nature of those patients is irrelevant to the facts at issue here. And other evidence, such as whether patients signed consent forms, is relevant only to the question of whether the defendants performed the procedures they billed for, and *not* to whether the defendants were practicing dentistry in the absence of patient consent.

The danger for unfair prejudice has always been clear in this case. Testimony of young, disabled, or vulnerable patients feeling pain or not consenting to dental procedures poses an inherent risk to the fairness of the proceedings.

But the government has made the strategic choice to elicit such testimony in order to paint a prejudicial picture of Dr. Price and Ms. Moore. Special Agent Agee testified to the presence of a "victim specialist [brought to] work with getting patients that were at the practice at the time home" when carrying out the search warrant at the Smile Center on March 31, 2022. Jan. 23, 2026 Tr. at 397:13-14. Dr. Lacey testified repeatedly about his concern that Dr. Price's patients were receiving proper care and medication in light of pain they might have experienced. Jan. 29, 2026 Tr. at 720:15-18; Jan. 30, 2026 Tr. at 879:10-11. This testimony evokes an image of Dr. Price tinkering in patient's mouths without their permission and without regard for their pain.

But it was A.H. where the government's conduct was most disturbing. A.H. could not recall his own age, much less which dental procedures Dr. Price performed. *See* Jan. 30, 2026 Tr. at 889:3-12. His testimony was entirely irrelevant, and the government's decision to call a former

2

patient with clear intellectual challenges served no purpose other than to confuse the issues and prejudice the jury. The government could not have truly believed, having met A.H. previously, that he was a competent witness or that his testimony had any probative value, especially when his guardian and caretaker were present in the courthouse and available to testify. The government could not have believed that gingerly and affectionately escorting a witness to the stand was appropriate. And the government likely knew that the defendants could not meaningfully exercise their confrontation rights on a witness so sympathetic and incompetent.

The government's conduct has run afoul of Rule 403 and has deprived both defendants of a fair trial. The government has disregarded the Court's multiple directives not to prejudice the jury by eliciting testimony on the quality of care patients received at the Smile Center or characterizing patients as victims. ECF No. 142 at 3; Jan. 23, 2026 Tr. at 415:20-22.

This bell cannot be unrung. The jury saw A.H. clutching the prosecutor's hand. They have heard the word "victim" used casually and unnecessary references to informed consent and pain. Only a mistrial can remedy the prejudice that has accumulated because of the government's actions throughout this trial.[1]

Dated: February 1, 2026                                  Respectfully submitted,

                                                                                     /s/ Mary E. Muoio
MORGAN, LEWIS & BOCKIUS LLP
Mary E. Muoio, Bar No. 90018635
Justin D. Weitz, Bar No. 90008910
Daniel C. Fishbein, Bar No. 7672528

---

[1] In the alternative, the defendants request the Court provide a strong cautionary instruction to the jury. This Circuit has recognized limiting instructions as an appropriate remedy where the government elicited testimony in defiance of a court's order. *See United States v. McLendon,* 378 F.3d 1109, 1111-1115 (D.C. Cir. 2004) (recognizing sufficiency of limiting instruction where the court barred testimony about guns yet the government subsequently elicited testimony about the recovery of ammunition in the defendant's bedroom).

Emily Ahdieh, Bar No. 1742898
Joseph Z. Ayanian, Bar No. 90007278
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-5932
justin.weitz@morganlewis.com
daniel.fishbein@morganlewis.com
emily.ahdieh@morganlewis.com
joseph.ayanian@morganlewis.com
*Attorneys for Defendant Dr. Steven Price*

*/s/ John P. Pierce*
John P. Pierce, Esq.
Liles Parker, PLLC
2305 Calvert St, NW
Washington, DC 20008
JPierce@LilesParker.com
Barry Coburn, Esq.
Barry Coburn
Coburn & Eisenstein PLLC
1200 G Street, NW
Suite 800
Washington, DC 20005
202-630-2844
barry@coburngreenbaum.com
*Counsel for Defendant Moore*

4

## CERTIFICATE OF SERVICE

I certify that on February 1, 2026, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

*/s/ Mary E. Muoio*
Mary E. Muoio